UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ISMAHAN ADAN, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF** |
| v. | **CLASS AND COLLECTIVE ACTION** |
| SWEDISH HEALTH SERVICES d/b/a SWEDISH MEDICAL GROUP, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## I.    INTRODUCTION

1.      Plaintiff Ismahan Adan ("Plaintiff") brings this class and collective action on behalf of herself and other similarly situated individuals who have worked for Swedish Health Services, d/b/a Swedish Medical Center ("Defendant" or "Swedish") as medical assistants, nursing staff, nurse aides, nurse assistants, caregivers and other non-exempt hourly employees[1] who were denied payment for all hours worked, denied bona fide meal periods, and/or were subject to Swedish's policy and practice of deducting time from their recorded hours worked. Throughout the relevant time period, Plaintiff and similarly situated Collective and Class members have been denied proper payment for all hours worked, including overtime, and were denied meal and rest periods in compliance with Washington law. This case implicates Swedish's longstanding policy and practice of failing to properly compensate non-exempt

---

[1] While the precise job titles may differ, Plaintiff hereinafter uses the term "caregivers" in referencing any of these similarly situated employees.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

employees for work performed during meal periods, before or after their shifts, and for all overtime hours worked.

2.      An employer is not required to pay employees for meal periods if the employer can satisfy its burden of demonstrating the employee received a *bona fide* meal period which primarily benefits the employee. Defendant does not provide bona fide meal periods for its caregivers who are responsible for patient care. Defendant requires caregivers to remain responsible for patient care throughout their shift, including during their meal and rest breaks. Caregivers remain on duty and are continuously subject to interruption during their meal and rest breaks. Defendant instituted policies and practices that result in caregivers being responsible for patient care throughout their shift, even when they attempt to take a meal period.

3.      Defendant's policies and practices result in caregivers being denied wages due under the Fair Labor Standards Act ("FLSA") and Washington law. Under these policies and practices, non-exempt caregivers involved in direct patient care are not completely relieved of duties during meal periods and are denied pay for those on-duty meal periods. Defendant continues to require caregivers responsible for direct patient care to remain on duty and subject to interruptions during meal breaks.

4.      Defendant, including all of the hospital facilities under Defendant's ownership, management and control, violate the FLSA and Washington law by knowingly and willfully permitting Plaintiff and Collective and Class members to perform work and/or remain on duty during their meal breaks, and/or subjecting them to interruptions during those times. Plaintiff and Collective and Class members also are denied rest breaks in violation of Washington law. Defendant had notice that Plaintiff and Collective and Class members expected to be paid for their work on an hourly basis. Defendant received the value of Plaintiff and Collective and Class members' work performed during their meal periods without compensating them for their services. And Defendant received the value of Plaintiff and Collective and Class members' work performed during their rest breaks without providing 10 minutes of compensation for each

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    missed rest break. Defendant willfully, deliberately, and voluntarily failed to pay Plaintiff and

2    Collective and Class members for all work performed.

3         5.     Defendant's conduct violated and continues to violate the FLSA because of the

4    mandate that non-exempt employees, such as Plaintiff and the Collective members, be paid at

5    one and one-half times their regular rate of pay for all hours worked in excess of forty within a

6    single workweek. *See* 29 U.S.C. § 207(a).

7         6.     Defendant's conduct violated and continues to violate Washington state law

8    because the Washington Minimum Wage Act (RCW 49.46) requires employers to pay hourly

9    employees like Plaintiff and the Washington Class members no less than minimum wage for the

10   first forty hours of work in a week and no less than one and one-half times the regular rate of

11   pay, for any hours worked in excess of forty in a week. Defendant's conduct further violated

12   and continues to violate Washington meal and rest period statutes and regulations,

13   Washington's requirement that all wages be paid upon separation of employment,

14   Washington's prohibition on unlawfully withholding wages, and Washington's recordkeeping

15   requirements.

16        7.     In addition, upon information and belief, Collective and Class members were and

17   are required to work additional time outside of their scheduled shifts to keep up with the

18   demands of the job. Defendant was and is aware that Collective and Class members perform

19   this off-the-clock work, but failed to pay them at the applicable hourly and overtime rates for

20   this work time. This practice likewise violated and continues to violate the FLSA and

21   Washington state law.

22        8.     Defendant's conduct violated and continues to violate Washington's meal and

23   rest period statutes and regulations, final pay statute, and unlawful deduction from wages

24   statute. Because Defendant's conduct violated and continues to violate Washington wage and

25   hour laws, Defendant is liable for the unpaid wages, exemplary wages as provided by

26   Washington law, attorneys' fees and costs, as well as pre- and post-judgment interest.

27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

9. Therefore, Plaintiff files this action to recover on behalf of herself and Collective and Class members, all unpaid wages, compensation, exemplary damages, penalties, and other damages owed to them under the FLSA and state law, individually, as a 29 U.S.C. § 216(b) collective action, and as a class action under Federal Rule of Civil Procedure 23, in order to remedy the sweeping practices which Defendant has integrated into its time tracking and payroll policies and which have deprived Plaintiff and Collective and Class members of their lawfully-earned wages.

## II.    SUBJECT MATTER JURISDICTION AND VENUE

10. This court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 201, *et seq*. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. The events giving rise to Plaintiff's claims occurred within this judicial district. Defendant resides in this judicial district and are subject to personal jurisdiction here.

## III.    EQUITABLE TOLLING

12. The limitations period applicable to Plaintiff Ismahan Adan's individual claims, as well as the claims of putative Class and Collective members, against Swedish was tolled from January 26, 2022, until the date Plaintiff first initiated this action by the pendency of the collective and class action claims in *Ismahan Adan v. Swedish Health Services d/b/a Swedish Medical Group, et al.*, Western District of Washington, Court Case Number 2:22-cv-00078-RSM ("*Adan I*").

## IV.    PARTIES

13. Plaintiff Ismahan Adan is an individual residing in Federal Way, Washington. Ms. Adan was employed as a medical assistant by Defendant at various clinics that are part of Swedish Health Services.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

14.    The FLSA Collective members are people who are or who have been employed by Defendant as medical assistants, nursing staff, nurse aides, nurse assistants, caregivers, and other similar hourly and non-exempt employees involved with patient care in the United States who have not been compensated for all hours worked by Defendant.

15.    The Washington Class members are all people who are or who have been employed by Defendant as medical assistants, nursing staff, nurse aides, nurse assistants, caregivers, and other similar hourly and non-exempt employees involved with patient care in the State of Washington who have been denied pay for hours worked, performed work while off-the-clock, and were subject to meal period and rest break violations by Defendant.

16.    Defendant Swedish Health Services ("Swedish"), doing business as Swedish Medical Center, is a non-profit corporation organized and existing under the laws of Washington with its headquarters at 747 Broadway, Seattle, Washington 98122. Defendant Swedish may be served with process by serving its registered agent, CT Corporation, at 711 Capitol Way South, Suite 204, Olympia, Washington 98501-1267.

17.    Upon information and belief, Defendant Swedish Health Services d/b/a Swedish Medical Group owns, operates, manages, and/or controls the following medical campuses under the Swedish Medical Group name: First Hill, Cherry Hill, Ballard, Issaquah, Edmonds, and Mill Creek & Redmond.

18.    At all material times, Defendant has been an employer within the meaning of the FLSA under 29 U.S.C. § 203(d).

19.    At all material times, Defendant has been an enterprise within the meaning of the FLSA under 29 U.S.C. § 203(r).

20.    Plaintiff and Collective and Class members were and are employees of Defendant within the meaning of 29 U.S.C. § 203(e).

21.    At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    Defendant has had and continue to have employees engaged in commerce. 29 U.S.C. §

2    203(s)(1).

3         22.    Defendant has acted as the employer of Plaintiff and Collective and Class

4    members because Defendant jointly, directly or indirectly, controlled the employment terms,

5    pay practices, timekeeping practices, and daily work of Plaintiff and similarly situated

6    employees.

7         23.    Here, Defendant has had, and continues to have, an annual gross business

8    volume of not less than $500,000, thereby exceeding the statutory standard. 26 U.S.C. §

9    203(s)(1)(A)(ii).

10        24.    In addition to Plaintiff, Defendant has employed numerous other employees,

11   who like Plaintiff, are medical care staff engaged in interstate commerce. Further, Defendant is

12   engaged in interstate commerce since they order supplies across state lines, conduct business

13   deals with merchants across state lines, and process patient credit cards with banks in other

14   states.

15        25.    At all material times, Plaintiff and Collective and Class members were employees

16   who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C.

17   § 207.

18                                **V.    FACTS**

19        26.    Defendant Swedish operates a network of hospitals and clinics that provide

20   healthcare services throughout the greater Seattle, Washington area, including five hospital

21   campuses and a network of more than 100 primary care and specialty clinics.

22        27.    Defendant employs thousands of hourly non-exempt workers similarly situated

23   to Plaintiff across these hospital and clinical facilities.

24        28.    Defendant sets the firing and hiring criteria at the hospitals, medical centers, and

25   clinics under their control. Defendant advertises for open positions, including non-exempt

26   hourly caregivers, at these hospitals, medical centers, and clinics.

27        29.    Defendant has a payroll policy and practice of not compensating hourly-paid

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF - 6

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

1   caregivers for work performed during their meal periods. Defendant has edited time records to

2   reflect meal periods when meal periods were not taken. In practice, caregivers remain on duty

3   and are continuously subject to interruption during their meal periods. This policy applies to all

4   hourly-paid, non-exempt caregivers who are responsible for patient care.

5   30.    Caregivers involved in direct patient care are not permitted to take a 30-minute

6   uninterrupted and bona fide meal period or 10-minute rest breaks due to the demands of their

7   jobs during the majority of their shifts. In the rare instances where they attempt a meal period

8   or rest break, they remain on duty in that they are required to respond to calls from their

9   patients, doctors, patients' families, other caregivers and hospital staff, attend to the normal

10   demands of the job, and otherwise respond to emergencies.

11   31.    Defendant encourages interruptions of caregivers meal periods and rest breaks

12   by requiring caregivers to carry an electronic communication device with them at all times, so

13   that they may receive calls/requests from their patients and hospital personnel. Caregivers are

14   required to respond to these calls, even if they are taking a meal period or rest break.

15   32.    Plaintiff was employed by Defendant as a medical assistant in Seattle,

16   Washington from approximately April 2021 to August 2021. Plaintiff has worked as a non-

17   exempt hourly worker and her beginning hourly rate of pay was $18.00 per hour. As a medical

18   assistant, Plaintiff's primary responsibilities included: providing patient care and monitoring,

19   interacting with other hospital employees and visitors, monitoring blood-work and patient test

20   results, setting up patients for minor procedures, disposing of medical waste, and documenting

21   procedures. Plaintiff was subjected to Defendant's time, pay, meal break, and overtime policies

22   and practices. Plaintiff routinely performed work off-the-clock, was subject to interruptions

23   during attempted meal and rest breaks, and in fact was interrupted or denied meal and rest

24   breaks on a regular basis. Even when non-exempt caregivers note a missed or interrupted meal

25   period or rest break to their superiors, they are rarely if ever reimbursed for the 30 minutes

26   that are deducted and are rarely compensated for the additional 10 minutes of work for each

27   missed rest break.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

33.     Collective and Class members were and are employed by Defendant and perform work materially similar to Plaintiff.

34.     Plaintiff and Collective and Class members report to a hospital, clinic, or clinical facility owned, operated, or managed by Defendant to perform their jobs.

35.     Plaintiff and Collective and Class members perform their jobs under Defendant's supervision and using materials and technology approved and supplied by Defendant.

36.     Plaintiff and Collective and Class members are required to follow and abide by common work, time, pay, meal and rest break, and overtime policies and procedures in the performance of their jobs.

37.     At the end of each pay period, Plaintiff and Collective and Class members receive wages from Defendant that are determined by common systems and methods that Defendant selected and controlled.

38.     Upon information and belief, Plaintiff is aware that Collective and Class members were and are required to work additional time outside of their scheduled shifts to keep up with the demands of the job. Defendant was and is aware that Collective and Class members performed this off-the-clock work, but do not pay them at the applicable hourly and overtime rates for this additional work time. Such off-the-clock work included restocking supplies, preparing and organizing equipment, monitoring patients, assisting other hospital staff, charting, sanitizing equipment, and performing other various tasks performed before clocking in and after clocking out for the day. Upon information and belief, Collective and Class members were not compensated for this work performed outside of their recorded hours.

39.     Defendant pays Plaintiff and Collective and Class members on an hourly rate basis.

40.     Plaintiff worked more than forty hours in at least one workweek during the three years before this Complaint was filed. On average, Plaintiff worked 9-10 hours each shift and between four-to-five shifts per week. Thus, on average, Plaintiff worked approximately 42-45 hours per week.

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF - 8

41.    Upon information and belief, each Collective member worked more than forty hours in at least one workweek during the three years before this Complaint was filed.

42.    Upon information and belief, each Class member worked more than forty hours in at least one workweek during the three years before this Complaint was filed.

43.    When Plaintiff and Collective and Class members worked more than forty hours in a workweek, Defendant did not pay them one and one-half times their regular hourly rate for all overtime hours worked due to Defendant's failure to include time worked off-the-clock before and after shifts or during meal and rest periods in the total hours worked in a given workweek, as well as Defendant's failure to pay for 10 additional minutes of work time for each missed rest break. This unpaid time is compensable at an overtime rate under the FLSA and Washington law because (1) Plaintiff and Collective and Class members were not completely relieved of their duties during their meal periods and rest breaks, (2) the meal periods and rest breaks were interrupted or subject to interruptions with work duties during any attempted meal period, or (3) they entirely skipped the meal periods and rest breaks due to work demands.

44.    When Plaintiff and Collective and Class members performed work during meal periods and rest breaks, Defendant failed to pay them regular and overtime wages due to Defendant's failure to include time worked during meal periods and rest periods. This unpaid time is compensable under the FLSA and Washington law because (1) Plaintiff and Collective and Class members were not completely relieved of their duties, (2) they were interrupted or subject to interruptions with work duties during any attempted meal or rest period, or (3) they entirely skipped meal and rest periods due to work demands.

45.    Throughout the relevant time period, Defendant expected and required Plaintiff and Collective and Class members to be available to work during their entire shifts, even during any attempted meal breaks. This time constitutes compensable time under the FLSA which requires that employers compensate employees for all time worked. They also constitute compensable time under state law because WAC 296-126-092 requires that employees shall be

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

allowed a meal period of at least 30 minutes which commences no less than two hours nor more than five hours from the beginning of the shift. *See* WAC 296-126-092(1). Meal periods shall be on the employer's time when the employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer. *Id.* No employee shall be required to work more than five consecutive hours without a meal period. *See* WAC 296-126-092(2).

46.     Throughout the relevant time period, Defendant expected and required Plaintiff and Collective and Class members to be available to work during their entire shifts, even during attempted rest breaks. Missed rest break time is compensable under Washington law because WAC 296-126-092 requires that employees shall be allowed a rest period of at least 10 minutes on the employer's time for every four hours of work. *See* WAC 296-126-092(4). Rest periods shall be scheduled as near as possible to the midpoint of the work period. *Id.* No employee shall be required to work more than three hours without a rest period. *Id.* Under Washington law, rest breaks may not be waived by employees. *See Pellino v. Brink's Inc.*, 164 Wn. App. 668, 688, 267 P.3d 383 (2011) (stating that "employers have a duty to provide meal periods and rest breaks and to ensure the breaks comply with the requirements of WAC 296-126-092.").

47.     Employers have a "mandatory obligation" to "provide" meal periods and rest breaks and "ensure" the meal and rest periods comply with the law. *Chavez v. Our Lady of Lourdes Hosp. at Pasco*, 190 Wn. 2d 507, 519, 415 P.3d 224 (2018); *Brady v. AutoZone Stores, Inc.*, 188 Wn. 2d 576, 397 P.3d 120 (2017).

48.     Defendant has employed thousands of people similarly situated to Plaintiff during the relevant time period.

49.     Defendant's method of paying Plaintiff and Collective and Class members was willful, and they cannot demonstrate a good faith basis as to the belief that their conduct of underpaying wages complied with either the FLSA or Washington law.

50.     Defendant's common course of wage-and-hour abuse includes routinely failing to maintain true and accurate records of the hours worked by Plaintiff and Collective and Class

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF - 10

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  members. In particular, Defendant has failed to record hours that Plaintiff and Collective and

2  Class members worked during missed meal and rest breaks and before and after their shifts.

3            **VI.    FLSA COLLECTIVE ACTION ALLEGATIONS**

4      51.    Plaintiff brings this Complaint as a collective action pursuant to 29 U.S.C. §

5  216(b) on behalf of the following:

6          **All current and former hourly, non-exempt employees, including**

7          **but not limited to medical assistants, nursing staff, nursing aides,**

        **nursing assistants, caregivers, or other employees with similar job**

8          **duties employed by Defendant nationwide any time during the**

        **relevant time period until resolution of this action (the**

9          **"Collective").**

10      52.    Defendant has not compensated these employees for the unpaid meal periods

11  and "off-the-clock" work as described above.

12      53.    Per 29 U.S.C. § 216(b), this action may be brought as an "opt-in" collective action

13  for the claims asserted by Plaintiff because her claims are similar to the claims of Collective

14  members.

15      54.    Plaintiff has actual knowledge that Collective members have been denied

16  compensation for time worked, including meal periods worked or interrupted and "off-the-

17  clock" work. In addition, Plaintiff has actual knowledge that Collective members have also been

18  denied overtime pay for this work and would therefore likely join this collective action if

19  provided a notice of their rights to do so, together with a clear statement that opting to join

20  such an action would not result in termination or other forms of retaliation.

21      55.    Plaintiff is similarly situated to Collective members. Like Plaintiff, Defendant

22  subjected Collective members to its common practice, policy, or plan of refusing to pay

23  overtime for all work performed in clear violation of the FLSA.

24      56.    Other caregivers similarly situated to Plaintiff work, or have worked, for

25  Defendant but were not paid overtime at the rate of one and one-half times their regular

26  hourly rate when those hours exceeded forty per workweek for meal breaks during which they

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    were not completely relieved of their duties that were interrupted, interruptible, or entirely

2    missed due to work demands. Other caregivers similarly situated to Plaintiff also performed

3    compensable overtime work that was not compensated at the applicable overtime rate of one-

4    and-one-half times their regular hourly rate of pay.

5        57.    Although Defendant permitted and/or required Collective members to work in

6    excess of forty hours per workweek, Defendant has denied them full compensation for all hours

7    worked over forty for meal periods that were subject to interruption due to work demands.

8        58.    Collective members perform or have performed the same or similar work as

9    Plaintiff involving patient care.

10        59.    Collective members regularly work or have worked in excess of forty hours

11    during a workweek.

12        60.    Collective members are not exempt from receiving overtime compensation

13    under the FLSA.

14        61.    Defendant's failure to pay overtime compensation as required by the FLSA

15    resulted from generally applicable policies and practices, and did not depend on the personal

16    circumstances of FLSA Collective members.

17        62.    Although Plaintiff and Collective members may have different job titles and/or

18    work in different hospital facilities, this action may be properly maintained as a collective action

19    on behalf of the defined collective because, throughout the relevant time period:

20            a.    Defendant maintained common scheduling systems and policies with
                    respect to Plaintiff and Collective members, controlled the scheduling
21                  systems and policies implemented throughout their facilities and
22                  retained authority to review and revise or approve the schedules
                    assigned to Plaintiff and Collective members;
23
            b.     Defendant maintained common timekeeping systems and policies with
24                  respect to Plaintiff and Collective members;
25
            c.     Defendant maintained common payroll systems and policies with respect
26                  to Plaintiff and Collective members, controlled the payroll systems and

27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    policies applied to Plaintiff and Collective members, and set the pay rates
     assigned to Plaintiff and Collective members; and

2
     d.    Defendant controlled the meal period and rest break work policies and
3          practices at issue in this litigation and had the ability to deprive Plaintiff
4          and Collective members of wages owed for meal break and rest break
           work they performed.

5    63.    The specific job titles or precise job responsibilities of each Collective member

6    does not prevent collective treatment.

7    64.    Collective members, irrespective of their particular job requirements, are

8    entitled to overtime compensation for hours worked in excess of forty during a workweek,

9    including for interrupted, on-duty, or missed meal periods.

10   65.    Collective members, irrespective of their particular job requirements, are

11   entitled to overtime compensation for hours worked in excess of forty during a workweek,

12   including for interrupted, on-duty, or missed rest periods.

13   66.    Although the exact amount of damages may vary among Collective members,

14   the damages for Collective members can be easily calculated, summed, and allocated based on

15   a simple formula.

16   67.    Plaintiff and Collective members' claims arise from a common nucleus of

17   operative facts; namely, the continued and willful failure of Defendant to comply with their

18   obligation to legally compensate their employees. Liability is based on a systematic course of

19   wrongful conduct by Defendant that caused harm to all Collective members. Defendant had a

20   plan, policy or practice of not paying Plaintiff and Collective members for interrupted,

21   interruptible, or missed meal and rest breaks, as well as overtime work performed that was

22   compensated on a straight time basis.

23   68.    As such, the collective of similarly situated plaintiffs is properly defined as stated

24   above. Plaintiff estimates the Collective, including both current and former employees over the

25   relevant time period, will include upwards of 10,000 people or more. The precise number of

26   Collective members should be readily available from Defendant's personnel, scheduling, time,

27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    and payroll records, and from input received from Collective members as part of the notice and

2    "opt-in" process provided by 29 U.S.C. § 216(b). The names and addresses of the Collective

3    members are discoverable from Defendant's records. Given the composition and size of the

4    Collective, notice may be provided via First Class Mail, e-mail, text message, and other modes

5    of notice similar to those customarily used in representative actions.

6                    **VII.    RULE 23 CLASS ACTION ALLEGATIONS**

7        69.    Plaintiff brings causes of action as a class action on behalf of herself and all

8    others similarly situated pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). The

9    Washington Class that Plaintiff seeks to represent is defined as follows:

10               **All current and former hourly, non-exempt employees, including**
                 **but not limited to medical assistants, nursing staff, nursing aides,**
11               **nursing assistants, caregivers, or other employees with similar job**
                 **duties employed by Defendant in Washington during the relevant**
12               **time period until resolution of this action.**
13

14       70.    This action has been brought and may properly be maintained as a class action

15   because there is a well-defined community of interest in the litigation.

16       71.    <u>Numerosity</u>:  The potential members of the class are so numerous that joinder of

17   all the members of the Class is impracticable. Plaintiff is informed and believes that the number

18   of Washington Class members is in the thousands. This volume makes bringing the claims of

19   each individual member of the Class before this Court impracticable. Likewise, joining each

20   individual member of the Washington Class as a plaintiff in this action is impracticable.

21   Furthermore, the identities of the Washington Class will be determined from Defendant's

22   records, as will the compensation paid to each of them. As such, a class action is a reasonable

23   and practical means of resolving these claims. To require individual actions would prejudice the

24   Washington Class and Defendant.

25

26

27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

72.     Commonality:  There are questions of law and fact common to Plaintiff and the Washington Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, but are not limited to:

a.      Whether Defendant failed to pay Plaintiff and Washington Class members for all hours worked;

b.      Whether Defendant paid Plaintiff and Washington Class members on an hourly basis;

c.      Whether Defendant failed to keep true and accurate records of employees' hours of work and wages;

d.      Whether Defendant failed to pay Plaintiff and Washington Class members at an overtime rate for all hours worked in excess of forty in a workweek;

e.      Whether Defendant failed provide Plaintiff and Washington Class members with the bona fide and uninterrupted meal breaks to which they were entitled under Washington law;

f.      Whether Defendant's policy and practice of having Plaintiff and Washington Class members clock out for meal periods that were not bona fide, continuous, and uninterrupted meal periods violated Washington law;

g.      Whether the nature of the duties of Plaintiff and Washington Class members did not allow them to take intermittent rest periods equivalent to ten minutes for each four hours worked;

h.      Whether Defendant failed to provide Plaintiff and Washington Class members with the bona fide and uninterrupted rest breaks to which they were entitled under Washington law;

i.      Whether Defendant failed to put a system in place that would allow Plaintiff and Washington Class members to record missed meal and rest

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

breaks and allowed Plaintiff and Washington Class members to use that system;

j.      Whether Defendant failed to compensate Plaintiff and Washington Class members for missed meal and rest breaks;

k.      Whether Defendant failed to pay Plaintiff and Washington Class members at no less than the minimum wage for all hours worked;

l.      Whether Defendant failed to pay Plaintiff and Washington Class members at an overtime rate for all hours worked in excess of forty in a workweek, including hours worked during missed meal and rest breaks;

m.      Whether Defendant failed to provide Plaintiff and Washington Class members with timely, accurate itemized wage statements in violation of Washington law;

n.      Whether Defendant's policy and practice of failing to pay Plaintiff and Washington Class members all wages due upon the end of their employment violated Washington law;

o.      Whether Defendant willfully deprived Plaintiff and Class members of the wages to which they were entitled;

p.      Whether Defendant's common course of conduct violated RCW 49.12.020;

q.      Whether Defendant's common course of conduct violated WAC 296-126-092;

r.      Whether Defendant's common course of conduct violated RCW 49.46.020;

s.      Whether Defendant's common course of conduct violated RCW 49.46.090;

t.      Whether Defendant's common course of conduct violated RCW 49.46.130;

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

u.   Whether Defendant's common course of conduct violated RCW 49.52.050;

v.   Whether Defendant's common course of conduct violated RCW 296-128-010;

w.   Whether Defendant's common course of conduct violated RCW 296-126-040; and

x.   The nature and extent of class-wide injury and the measure of compensation for such injury.

73.   <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the Washington Class. Defendant's common course of conduct in violation of law as alleged herein caused Plaintiff and Washington Class members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Washington Class.

74.   <u>Adequacy of Representation</u>:  Plaintiff seeks relief for the past and on-going state law violations that were perpetrated by Defendant. In that sense, Plaintiff does not have any conflicts of interest with other Washington Class members and will prosecute the case vigorously on behalf of the Washington Class. Counsel representing Plaintiff is competent and experienced in litigating complex cases and large class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the Washington Class members.

75.   <u>Superiority of Class Action</u>:  A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Washington Class members is not practicable, and questions of law and fact common to the Washington Class predominate over any questions affecting only individual members of the Washington Class. Each proposed Washington Class member has been damaged and is entitled to recovery by reason of Defendant's illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

76.     In the alternative, the Washington Class may be certified because the prosecution of separate actions by the individual members of the Washington Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Washington Class which would establish incompatible standards of conduct for Defendant.

77.     If each individual Washington Class member were required to file an individual lawsuit, Defendant would necessarily gain an unconscionable advantage because Defendant would be able to exploit and overwhelm the limited resources of each member of the Washington Class with Defendant's vastly superior financial legal resources.

78.     Requiring each individual Washington Class member to pursue an individual remedy would also discourage the assertion of lawful claims by the Washington Class members who would be disinclined to pursue these claims against Defendant because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers, and well-being.

**FIRST CLAIM FOR RELIEF**
**VIOLATIONS OF 29 U.S.C. § 207 FAILURE TO PAY OVERTIME COMPENSATION FOR IMPROPER TIME DEDUCTIONS**
**(FLSA COLLECTIVE ACTION)**

79.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

80.     Plaintiff and Collective members, Defendant's employees, are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

81.     The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular hourly rate for all hours worked in excess of forty hours per week.

82.     Throughout the relevant time period, Defendant expected and required Plaintiff and Collective members to be available to work and/or to be on duty during their promised meal periods and rest breaks. Plaintiff and Collective members also performed work off-the-clock for which they were not compensated.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

83.     Plaintiff and Collective members have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of wages owed for work they performed and from which Defendant derived a direct and substantial benefit.

84.     Defendant cannot satisfy their burden of proof to demonstrate Plaintiff and Collective members received a bona fide meal period for every 30 minutes deducted from their wages.

85.     Defendant violated and continues to violate the FLSA when they failed to pay Plaintiff and Collective members for all hours worked under 29 U.S.C. § 207 as non-exempt employees. Because of these violations, Plaintiff and Collective members have suffered a loss of wages.

86.     Defendant's failure to pay overtime to Plaintiff and Collective members, in violation of the FLSA, was willful and not based on a good faith belief that their conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Accordingly, a three-year limitations period should apply to Plaintiff and Collective members' claims.

87.     Because of Defendant's willful violations, Plaintiff and Collective members are also due an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

88.     Plaintiff and Collective members are further entitled to reasonable attorneys' fees and costs of the action in addition to any judgment awarded.

**SECOND CLAIM FOR RELIEF**
**VIOLATIONS OF RCW 49.46.130**
**FAILURE TO PAY OVERTIME**
**(WASHINGTON CLASS ACTION)**

89.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

90.     Pursuant to RCW 49.46.130(1), Defendant was required to pay Plaintiff and Washington Class members one and one-half times their regular rate of pay for all hours

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  worked in excess of forty in a given workweek, when those wages were due, but willfully failed

2  to do so.

3       91.    RCW 49.46.090(1) states that:

4          Any employer who pays any employee less than the amounts to

5          which such employee is entitled under or by virtue of this chapter, shall be liable to such employee affected for the full amount due to

6          such employee under this chapter, less any amount actually paid to such employee by the employer, and for costs and such reasonable

7          attorney's fees as may be allowed by the court. Any agreement

8          between such employee and the employer allowing the employee to receive less than what is due under this chapter shall be no

9          defense to such action.

10       92.    Plaintiff and Washington Class members are entitled to recover unpaid overtime

11  under Washington law, and they are also entitled to declaratory relief stating Defendant

12  violated the statute and continues to violate the statute, by incorporating and continuing to

13  utilize the time deduction policy as described above.

14       93.    Plaintiff further seeks declaratory relief stating Defendant is in violation of RCW

15  49.46.130 for failing to compensate Class members for "off-the-clock" work performed for the

16  benefit of Defendant.

17       94.    Plaintiff and Washington Class members who are within the applicable three-

18  year statute of limitations are entitled to collect the difference between the wages received

19  when due and the unpaid overtime wages due in an amount to be proven at trial, attorney fees,

20  costs, and disbursements (RCW 49.12.150; RCW 49.48.030), as well as pre- and post-judgment

21  interest at the rate of 12% per annum (RCW 19.52.020).

22                  **THIRD CLAIM FOR RELIEF**

23  **VIOLATIONS OF RCW 49.120.020 AND WAC 296-126-092**
**FAILURE TO PROVIDE MEAL AND REST BREAKS AND ENSURE**

24  **THOSE BREAKS ARE TAKEN (WASHINGTON CLASS ACTION)**

25       95.    Plaintiff incorporates all allegations contained in the foregoing paragraphs.

26

27

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF - 20

96.    RCW 49.120.010 provides:

> The welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect.

97.    RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

98.    Pursuant to RCW 49.12.005(5) and WAC 296-126-002(9), conditions of labor "means and includes the conditions of rest and meal periods" for employees.

99.    WAC 296-126-092 provides:

(1)    Employees shall be allowed a meal period of at least thirty minutes which commences no less than two hours nor more than five hours from the beginning of the shift. Meal periods shall be on the employer's time when the employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer.

(2)    No employee shall be required to work more than five consecutive hours without a meal period.

(3)    Employees working three or more hours longer than a normal work day shall be allowed at least one thirty-minute meal period prior to or during the overtime period.

(4)    Employees shall be allowed a rest period of not less than ten minutes, on the employer's time, for each four hours of working time. Rest periods shall be scheduled as near as possible to the midpoint of the work period. No employee shall be required to work more than three hours without a rest period.

(5)    Where the nature of the work allows employees to take intermittent rest periods equivalent to ten minutes for each four hours worked, scheduled rest periods are not required.

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF - 21

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

100.    Defendant implemented a policy and practice that required Plaintiff and Washington Class members to clock out for meal periods for each shift worked (or have a supervisor clock out for them), even though Plaintiff and Washington Class members were still on-duty, subject to interruption, and often were interrupted during their meal periods.

101.    Because Plaintiff and Washington Class members were not relieved of all duties during their meal breaks, but rather such meal breaks were subject to interruption and not continuous, Defendant's direction to clock out for those meal periods was and is in violation of WAC 296-126-092.

102.    Because Plaintiff and Washington Class members have failed to receive the rest breaks to which they were entitled, Defendant has violated WAC 296-126-092.

103.    Because Plaintiff and Washington Class members were constantly engaged in work activities during their paid rest breaks in violation of WAC 296-126-092, Plaintiff and Washington Class members are entitled to 10-minutes of compensation at their regular hourly rate for each missed rest break. *See Washington State Nurses Ass'n v. Sacred Heart Med. Ctr.*, 175 Wn.2d 822, 287 P.3d 516 (2012).

104.    Plaintiff and Washington Class members are entitled to recover unpaid wages at their regular hourly rate for all time owed by Defendant for missed rest and meal breaks, and at one and one-half times their regular hourly rate for that time when the additional time worked results in hours in excess of forty in a workweek.

105.    As a result of these unlawful acts, Plaintiff and the Washington Class members have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Washington Class members are entitled to the recovery of such damages, attorney fees, costs, and disbursements (RCW 49.12.150; RCW 49.48.030), as well as pre- and post-judgment interest at the rate of 12% per annum (RCW 19.52.020).

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**FOURTH CLAIM FOR RELIEF**
**VIOLATIONS OF RCW 49.46.090**
**FAILURE TO PAY MINIMUM WAGES FOR**
**ALL HOURS WORKED**
**(WASHINGTON CLASS ACTION)**

106.    Plaintiff incorporates all allegations contained in the foregoing paragraphs.

107.    Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act. If the employer fails to do so, RCW 49.46.090 requires that the employer pay the employees the full amount due to such employee, less any amount actually paid to the employee, and for costs and such reasonable attorney's fees as may be allowed by the court.

108.    As described above, Defendant enacted a policy and practice that deprived Plaintiff and Washington Class members of compensation for all hours worked, including for work duties performed "off-the-clock." As a result, Defendants failed to pay Plaintiff and Washington Class members all wages due in violation of RCW 49.46.090.

109.    As a result of the unlawful acts by Defendant, Plaintiff and the Washington Class members have been deprived of regular and overtime compensation in an amount to be determined at trial, attorney fees, costs, and disbursements (RCW 49.12.150; RCW 49.48.030), as well as pre- and post-judgment interest at the rate of 12% per annum (RCW 19.52.020).

**FIFTH CLAIM FOR RELIEF**
**VIOLATIONS OF RCW 49.48.010**
**FAILURE TO PAY WAGES OWED AT TERMINATION**

110.    Plaintiff incorporates all allegations contained in the foregoing paragraphs.

111.    RCW 49.48.010 provides that "[w]hen any employee shall cease work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period."

112.    By the actions alleged above, Defendant has violated and continues to violate the provisions of RCW 49.48.010.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

113.    As a result of the unlawful acts of Defendant, Plaintiff and Washington Class members have been deprived of compensation in amounts to be determined at trial and pursuant to RCW 49.48.030, Plaintiff and the Washington Class members are entitled to such damages, attorney fees, costs, and disbursements (RCW 49.12.150; RCW 49.48.030), as well as pre- and post-judgment interest at the rate of 12% per annum (RCW 19.52.020).

**SIXTH CLAIM FOR RELIEF**
**VIOLATIONS OF RCW 49.52.050**
**WILLFUL REFUSAL TO PAY WAGES**
**(WASHINGTON CLASS ACTION)**

114.    Plaintiff incorporates all allegations contained in the foregoing paragraphs.

115.    RCW 49.52.050(2) provides that any employer or agent of any employer who "[w]ilfully and with intent to deprive the employee of any part of his or her wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" shall be guilty of a misdemeanor.

116.    RCW 49.52.070 provides that any employer who violates the foregoing statute shall be liable in a civil action for twice the amount of wages withheld, together with costs of suit and reasonable attorneys' fees.

117.    An employer's nonpayment of wages is willful and made with intent "when it is the result of knowing and intentional action and not the result of bona fide dispute as to the obligation of payment." *Wingert v. Yellow Freight Sys., Inc.*, 146 Wash. 2d 841, 849 (2002) (quoting *Chelan Cnty. Deputy Sheriffs' Ass'n v. Chelan County*, 109 Wash. 2d 282, 300 (1987)).

118.    Defendant intentionally failed to pay all wages owed to Plaintiff and the Washington Class, including overtime wages and regular hourly rate wages, by allowing Plaintiff and the Washington Class to work for Defendant's benefit while "off-the-clock," by implementing a policy of clocking out for meal periods that were subject to interruption, were not continuous, during which caregivers were on duty, and during which caregivers were not relieved of all duties, and by requiring Plaintiff and Washington Class members to work through or be subject to interruption during their rest periods. Defendant knew or should have known

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    that their employment policies violated Washington law, and their failure to pay wages owed to

2    Plaintiff and the Washington Class was "willful" under RCW 49.52.050(2).

3        119.    Because Defendant's failure to pay wages owed was "willful," Plaintiff and the

4    Washington Class members are entitled to double recovery pursuant to RCW 49.52.070.

5                            **SEVENTH CLAIM FOR RELIEF**
                             **VIOLATION OF RCW 19.86**
6                    **WASHINGTON CONSUMER PROTECTION ACT**
                          **(WASHINGTON CLASS ACTION)**
7

8        120.    Plaintiff incorporates all allegations contained in the foregoing paragraphs.

9        121.    Defendant engaged in unfair or deceptive acts or practices when they: (1) failed

10   to pay Plaintiff and Washington Class members wages for off-the-clock work; (ii) prevented

11   Plaintiff and the Washington Class from taking rest and meal breaks; (iii) failed to pay Plaintiff

12   and the Washington Class for the periods during which their breaks were interrupted; (iv) failed

13   to pay Plaintiff and the Washington Class for overtime worked; (v) violated RCW 49.46.030; (vi)

14   violated WAC 296-126-023; and (vii) violated WAC 296-126-092.

15       122.    Defendant's unfair or deceptive acts or practices repeatedly occurred in

16   Defendant's business, injured Plaintiff and the Washington Class, and impacted the public

17   interest because they injured other persons and had and have the capacity to injure other

18   persons.

19       123.    As a result of Defendant's unfair and deceptive practices, Plaintiff and the

20   Washington Class members are entitled, pursuant to RCW 19.86.090, to recover treble

21   damages, reasonable attorneys' fees, and costs.

22                            **VIII.    PRAYER FOR RELIEF**

23       For these reasons, Plaintiff and Class members respectfully request that judgment be

24   entered in their favor awarding the following relief:

25       A.    An order preventing Defendant from retaliating in any way against Plaintiff and

26   any Collective or Class member who joins or elects not to opt-out of the present suit based on

27   their pursuit of these claims alleged herein;

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

B. An order designating this action as a collective action on behalf of the Collective and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

C. An order finding that Defendant violated the FLSA;

D. An order finding Defendant violated the FLSA willfully;

E. All unpaid wages due under the FLSA;

F. An equal amount as liquidated damages as allowed under the FLSA;

G. Reasonable attorneys' fees, costs, interest, and expenses of this action as provided by the FLSA;

H. An order certifying this case as a Class Action under Rule 23 of the Federal Rules of Civil Procedure;

I. An order finding that Defendant violated Washington law;

J. All unpaid regular wages due under Washington law;

K. All unpaid overtime wages due under Washington law;

L. An award of double damages as provided by Washington law;

M. An award of treble damages as provided by Washington law;

N. All compensatory damages due under Washington law, including lost wages, earnings, and other employee benefits, restitution, and all other sums of money owed to Plaintiff and Washington Class and Collective members, together with interest on these amounts, according to proof;

O. All attorneys' fees, costs and disbursements as provided by Washington law;

P. Pre- and post-judgment interest in the amount of 12% per annum as provided by Washington law; and

Q. Such other and further relief as this Court deems just and proper.

## IX.    JURY DEMAND

Plaintiff hereby demands a trial by jury.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

RESPECTFULLY SUBMITTED AND DATED this 18th day of August, 2023.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Beth E. Terrell, WSBA #26759
    Beth E. Terrell, WSBA #26759
    bterrell@terrellmarshall.com

By: /s/ Jennifer Rust Murray, WSBA #36983
    Jennifer Rust Murray, WSBA #36983
    jmurray@terrellmarshall.com

By: /s/ Erika L. Nusser, WSBA #40854
    Erika L. Nusser, WSBA #40854
    enusser@terrellmarshall.com

936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

SCHNEIDER WALLACE COTTRELL KONECKY LLP

Carolyn H. Cottrell, *Pro Hac Vice Forthcoming*
David Leimbach, *Pro Hac Vice Forthcoming*
Andrew Weaver, *Pro Hac Vice Forthcoming*
Email: ccottrell@schneiderwallace.com
Email: dleimbach@schneiderwallace.com
Email: aweaver@schneiderwallace.com
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF - 27